JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tiffany Autumn Luna-Vides,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Sabrina Annlynn Carpenter, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:25-cv-08754-ODW-AJR<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:




If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, this case is hereby DISMISSED WITHOUT PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| December 3, 2025 | *[signature]* |
| Date | United States District Judge |

CV-73 (07/22)    ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

A plaintiff in a civil action "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). Additionally, a complaint may be dismissed for: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient facts alleged under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

Plaintiff sues recording artist and actress Sabrina Carpenter along with Universal Music Group for copyright infringement. (ECF No. 1 at 2-4.) She claims Defendant Carpenter "ripped off my song" while "shading/mocking me." (*Id.* at 4.) She asks for $3,000,000 and "the song [be] taken down." (*Id.*)

However, Plaintiff fails to state a cognizable claim because she has not alleged that she registered her work with the Copyright Office. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019) ("no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title") (citing 17 U.S.C. § 411(a)); *Brown v. State of California*, No. CV 23-1966 ODW (PVC), 2023 WL 5961659, at *22 (C.D. Cal. Aug. 21, 2023) (broad allegations of copyright infringement that Beyoncé took plaintiff's fashion ideas failed to state claim because plaintiff had "not allege[ed] that she registered any copyright with the Copyright Office, or that she ever 'fixed' her 'fashion concepts" in any copyrightable format'"), *aff'd*, No. 23-55813, 2024 WL 4198684 (9th Cir. Sept. 16, 2024); *Emrit v. Horus Music Video Distribution*, No. CV 20-00007 JMS-RT, 2020 WL 1822597, at *2 (D. Haw. Apr. 10, 2020) (complaint that fails to make any suggestion that it requires resolution of a substantial disputed federal copyright issue insufficient to establish federal-question jurisdiction).

Further, claims alleging intellectual property theft are governed by common law, over which the Court lacks jurisdiction. *See City Solutions, Inc. v. Clear Channel Communications*, 365 F.3d 835, 842 (9th Cir. 2004) (common law misappropriation is covered under umbrella of unfair competition and "normally invoked in an effort to protect something of value not otherwise covered by patent or copyright law, trade secret law, breach of confidential relationship, or some other form of unfair competition").

Finally, to the extent Plaintiff contends criminal acts occurred by alleging Defendant Carpenter "is an accomplice of my ex Justin Bieber and Hailey Rhode Baldwin-Bieber" (ECF No. 1 at 4), criminal statutes do not provide a private right of action for initiating a civil lawsuit. *See Clinton v. Jones*, 520 U.S. 681, 718 (1997); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Accordingly, this action is **DISMISSED** without prejudice and without leave to amend because Plaintiff has not pled subject matter jurisdiction or stated a federal claim for which relief can be granted. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice."); *In re Dynamic Random Access Memory Antitrust Litigation*, 546 F.3d 981, 990 (9th Cir. 2008) (amendment futile where there is no apparent basis for subject matter jurisdiction); ); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (amendment futile "[w]here the legal basis for a cause of action is tenuous").

In light of this dismissal, Plaintiff's Request is **DENIED** (ECF No. 2), and all other pending matters are **TERMINATED**.

*(attach additional pages if necessary)*